**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MERAZ MORENO, Fernando,<br>Petitioner,<br><br>v.<br><br>MALDONADO, JR., Raul, Warden, The Metropolitan Detention Center, Brooklyn, NY;<br><br>GENALO, Kenneth,<br>Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, New York City Field Office;<br><br>MULLIN, Markwayne,<br>Secretary of the Department of Homeland Security;<br>BLANCHE, Todd,<br>Acting U.S. Attorney General<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY;<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Respondents. | Case No. 26-___________<br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**
**AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(28 U.S.C. § 2241)**

Petitioner respectfully petitions this Honorable Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents, as follows:

## INTRODUCTION

1. Petitioner Fernando Meraz Moreno is a 39-year-old native of Mexico who is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and. Customs Enforcement ("ICE"). Prior to his detention, Petitioner had lived in the United States with his family for over twelve-and-a-half (12.5) years after entering the United States on January 20, 2014.
2. On or about June 29, 2026, DHS detained Petitioner. It currently detains Mr. Fernando Meraz Moreno at the Metropolitan Detention Center, in Brooklyn, New York, i.e., in this district. DHS purports to hold Mr. Meraz Moreno under 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute. Its detention of Mr. Meraz Moreno followed a drastic recent shift away from decades of prior precedent and practice.
3. Petitioner has no criminal history. Petitioner is a mere B-2 visitor for pleasure visa overstay, which is a civil violation, and not a crime.
4. On or about June 29, 2026, Petitioner was arrested by ICE.
5. He is now detained by ICE at the Metropolitan Detention Center in Brooklyn, New York, under the authority of ICE's Enforcement and Removal Operations.
6. Petitioner's arrest was not pursuant to a warrant of arrest.
7. Petitioner should not be subject to mandatory detention and should be immediately released from custody.
8. At minimum, the Petitioner is entitled to a bond hearing.
9. If Petitioner were to be denied a bond hearing and categorically deeming him ineligible for bond, Respondents would be violating federal law as well as Petitioner's Fifth Amendment due process rights.
10. Accordingly, Petitioner files this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, along with this Complaint for Declaratory and Injunctive Relief.
11. He respectfully requests that this Court declare his current detention unlawful and order Respondents to immediately release or in the alternative an individualized bond hearing at which the government must justify any further detention.
12. If Respondents do not promptly provide such a hearing, Petitioner asks that the Court order his immediate release.

13. Petitioner also seeks any further relief the Court deems just and proper to remedy the ongoing violations of his rights.

## Jurisdiction

14. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 because Petitioner is in custody in violation of the Constitution and laws of the United States.

15. Habeas corpus is the appropriate vehicle to challenge the legality of immigration detention, as the central question in a § 2241 habeas action is whether the detention is lawful.

16. Here, Petitioner's detention squarely violates federal statute and the Fifth Amendment.

17. This Court also has federal question jurisdiction under 28 U.S.C. § 1331, since Petitioner's claims arise under federal law, including the Immigration and Nationality Act and the U.S. Constitution.

18. In addition, the Court is authorized to grant declaratory relief pursuant to 28 U.S.C. §§ 2201–2202.

## Venue

19. Venue is proper in the Eastern District of New York because Petitioner is currently detained within this District. He was taken into ICE custody at the MDC, i.e., at the Metropolitan Detention Center, in Brooklyn, New York, and his immediate custodian (the Metropolitan Detention Center, or any facility to which he is transferred in this region) is within this Court's territorial jurisdiction. Accordingly, the Eastern District of New York is the appropriate venue for this action.

## Exhaustion of Remedies

20. Petitioner has exhausted any available administrative remedies to the extent required.

21. There are no adequate or available administrative avenues for him to challenge the legality of his detention.

22. Petitioner therefore may seek habeas relief from this Court without additional delay.

## Parties

23. Petitioner Fernando Meraz Moreno is a native and citizen of Mexico who entered the United States with a B-2 non-immigrant visa as a visitor for pleasure on or about January 20, 2014, with authorization to remain in the United States for a temporary period not to exceed July 20, 2014. He overstayed his authorized period of stay and remained in the USA, in New

York, where he currently lives with his family. He is currently detained in ICE custody at the Metropolitan Detention Center in Brooklyn, New York, despite not having committed any crime, and posing no danger or flight risk, and is being in detention like a common criminal, while not being such, and not having violated any criminal laws in this country.

24. Respondent Raul Maldonado, Jr., the Warden of the Metropolitan Detention Center, in Brooklyn, NY, is sued in his official capacity as the Warden of the detention center where Petitioner is incarcerated. Respondent Maldonado is the top official managing, running and overseeing the MDC, the Metropolitan Detention Center, in Brooklyn, New York, who has physical custody of the Petitioner. In that role, he has the ultimate responsibility for the enforcement and detention actions against Petitioner by MDC officials and employees, including Petitioner's detention at MDC. Respondent Lyons has the authority to release Petitioner or to ensure that Petitioner receives a bond hearing. He is therefore an appropriate respondent in this action.

25. Respondent Kenneth Genalo, Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, New York City Field Office, is sued in his official capacity. Respondent Genalo is the top official overseeing ICE in New York City. In that role, he has the ultimate responsibility for the enforcement and detention actions taken by ICE, including Petitioner's detention. Respondent Genalo has the authority to release Petitioner or to ensure that Petitioner receives a bond hearing. He is therefore an appropriate respondent in this action.

26. Respondent Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, is sued in his official capacity. Respondent Mullin is responsible for the enforcement of federal immigration laws and oversees DHS agencies including ICE. As DHS Secretary, Respondent Mullin has supervisory authority over Petitioner's custody and detention.

27. Respondent Todd Blanche, as the acting Attorney General of the United States, is sued in his official capacity. Respondent Blanche is the head of the U.S. Department of Justice and the chief legal officer of the federal government. The Attorney General has ultimate authority over the interpretation and application of immigration laws and oversees the Executive Office for Immigration Review (which includes the immigration courts). Respondent Blanche is named in his official capacity given the claims of violations of the Immigration and Nationality Act and the Constitution raised herein.

## Factual Background

### Entry into the United States

28. Petitioner lawfully entered the United States on January 20, 2014, as a B-2 non-immigrant visa for pleasure visitor, after having been inspected and admitted at a land border crossing point into the United States.

29. Petitioner was granted till July 20, 2014, to remain in the USA as a B-2 visa visitor for pleasure, but he overstayed that period and remained in the USA.

30. On or about June 29, 2026, Petitioner was arrested by ICE and taken into custody and underwent initial processing.

### Ongoing Removal Proceedings

31. Petitioner's removal proceedings are ongoing.

32. Petitioner has complied with every directive of the Immigration Court and has timely filed for Asylum, Withholding of Removal, and protection under the Convention Against Torture.

### Abrupt Arrest and Detention

33. On June 29, 2026, ICE officers arrested him.

34. The arrest was not pursuant to any warrant for arrest.

35. Petitioner was not informed of any new misconduct, incident, or change in circumstance that precipitated this drastic action.

36. In fact, ICE provided no explanation at all but detained Petitioner.

37. Agents proceeded to place him in immigration custody, and he is now detailed in ICE custody at the MDC, in Brooklyn, New York.

38. Petitioner's detention was not based on any criminal behavior or any criminal violation by Petitioner; it occurred despite Petitioner's extensive ties to the community.

39. After more than twelve years of allowing him to live freely in the USA, ICE suddenly chose to jail Petitioner with no advance notice and no stated justification.

40. DHS offered no substantive explanation for why it was now deemed necessary to incarcerate Petitioner.

41. Petitioner is detained at the Metropolitan Detention Center in Brooklyn, New York.

42. Petitioner's sudden and unexplained detention has caused him significant distress, as he has been torn from his family, from his wife and child, and support network without any warning.

43. Section 8 U.S.C. §1226(a) governs the detention of noncitizens already in the United States: it authorizes DHS to arrest and detain such individuals pending a decision on their removal, but it expressly authorizes their release on bond or conditional parole by the Attorney General (now, by delegation, by an Immigration Judge) while those proceedings are pending.

44. Indeed, 8 C.F.R. § 1003.19(e) and related custody regulations contemplate that a detainee may seek Immigration Judge review of custody when ICE alters or withdraws prior release conditions.

45. In Petitioner's case, however, the Department of Justice and DHS have bypassed and effectively nullified this usual process.

46. Since his arrest, he has languished in detention with no opportunity for any neutral decision-maker to review whether his imprisonment is justified.

47. Petitioner's only recourse now is to turn to this Court and seek habeas corpus relief. Every additional day that Petitioner remains jailed without a hearing compounds the violation of his rights.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE

*(Unconstitutional Civil Detention / Right to a Procedurally Adequate Bond Hearing)*

48. Petitioner re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

49. The Due Process Clause of the Fifth Amendment prohibits the deprivation of liberty without due process of law.

50. Freedom from bodily restraint is a fundamental liberty interest protected by the Due Process Clause. Civil immigration detention must strictly conform to procedural due process standards.

51. Under established Second Circuit law (e.g., *Lora v. Shanahan*, *Velasco Lopez v. Decker*), prolonged immigration detention without an individualized hearing before an impartial adjudicator—where the government carries the burden of proof by clear and

convincing evidence—violates procedural due process.

52. Depriving Petitioner of a fair opportunity to seek release on bond or reasonable conditions of release inflicts significant procedural harm and places an unconstitutional burden on his ability to prepare his defense to removal.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court grant the following relief:

1. **Issue a Writ of Habeas Corpus** ordering Respondents to immediately release Petitioner from custody under reasonable conditions of supervision; or

2. **In the alternative**, issue a Writ of Habeas Corpus ordering Respondents to bring Petitioner before an Immigration Judge within **fourteen (14) days** for an individualized bond hearing, where the burden is placed squarely on the government to demonstrate by clear and convincing evidence that Petitioner presents a flight risk or a danger to the community;

3. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; and

4. Grant such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

Dated: July 24, 2026

/s/Kareem El Nemr
Kareem El Nemr, Esq.
The Law Office of Kareem El Nemr
28-30 Steinway Street
Astoria, NY 11103
Tel: (917)-860-2164
Fax:(347)-507-5528
www.elnemrlaw.com

## VERIFICATION

I, the undersigned counsel, hereby certify and declare, pursuant to 28 U.S.C. § 2242, that I am counsel for Petitioner. Because Petitioner is incarcerated and unable to sign this petition at present, I am verifying the petition on his behalf. I verify that the factual statements made in the above petition are true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated: July 24, 2026

/s/Kareem El Nemr
Kareem El Nemr, Esq.
The Law Office of Kareem El Nemr
28-30 Steinway Street
Astoria, NY 11103
Tel: (917)-860-2164
Fax:(347)-507-5528
www.elnemrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, a true and correct copy of the foregoing Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (28 U.S.C. § 2241), together with all accompanying summonses, exhibits, and supporting papers, was served upon each of the named Respondents by Certified Mail, Return Receipt Requested, addressed as follows:

1. **Raul Maldonado, Jr., Warden**
   Metropolitan Detention Center (MDC) Brooklyn
   80 29th Street
   Brooklyn, NY 11232
   *(Immediate Custodian)*

2. **Kenneth Genalo, Field Office Director**
   U.S. Immigration and Customs Enforcement (ICE)
   Enforcement and Removal Operations (ERO) – New York Field Office
   26 Federal Plaza, 9th Floor
   New York, NY 10278
   *(District Custodian / ICE Officer)*

3. **Markwayne Mullin, Secretary**
   U.S. Department of Homeland Security
   2707 Martin Luther King Jr. Ave SE
   Washington, D.C. 20528
   *(Respondent / Head of Agency)*

4. **Todd Blanche, Acting Attorney General of the United States**
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001
   *(Respondent / U.S. Attorney General)*

**REQUIRED SERVICE ON LOCAL U.S. ATTORNEY'S OFFICE**

*(Pursuant to Fed. R. Civ. P. 4(i)(1)(A) for actions against United States officers/agencies)*

5. **Civil Process Clerk**

   United States Attorney's Office

   Eastern District of New York

   271 Cadman Plaza East

   Brooklyn, NY 11201

Respectfully submitted,

Dated: July 24, 2026

/s/Kareem El Nemr
Kareem El Nemr, Esq.
The Law Office of Kareem El Nemr
28-30 Steinway Street
Astoria, NY 11103
Tel: (917)-860-2164
Fax:(347)-507-5528
www.elnemrlaw.com